NOTE: CHANGES MADE BY THE COURT

**DISCOVERY MATTER**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LUZ ZUCCHELLA, | Case No. 2:19-cv-07335 DSF (PLAx) |
| Plaintiff, | [Assigned to the Hon. Dale S. Fischer, Courtroom 7D] |
| vs. | **ORDER RE STIPULATED REQUEST TO AMEND PROTECTIVE ORDER** |
| OLYMPUSAT, INC, a Florida corporation; TOM MOHLER, an individual; OLYMPUSAT HOLDINGS, INC., a Florida corporation; OCEAN NEW MEDIA, LLC, a Florida limited liability company; OCEAN COMMUNICATIONS, INC., a Florida corporation; and DOES 4 through 50, inclusive, | |
| Defendants. | Complaint Filed: Jul. 15, 2019<br>Counterclaims Filed: Oct. 25, 2019 |
| | Discovery Cut-Off: Jan. 5, 2021<br>Motion Cut-Off: Feb. 22, 2021<br>Trial: Jun. 1, 2021 |
| AND RELATED COUNTER-CLAIM. | |

ORDER RE STIPULATED REQUEST TO AMEND PROTECTIVE ORDER

1  Having considered the papers and finding good cause exists, the parties'
2  Stipulated Request to Amend Protective Order, as revised based on consideration of
3  plaintiff's and defendants' versions of Section 7.3, is GRANTED.

4

5  **IT IS SO ORDERED.**

6

7  Dated:  October 29, 2020                    _____

8                                              The Hon. Paul L. Abrams
9                                              United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER RE STIPULATED REQUEST TO AMEND PROTECTIVE ORDER

1  Respectfully submitted by:
   **LATHROP GPM LLP**
2  Laura Reathaford (CA SBN  254751)
     laura.reathaford@lathropgpm.com
3  Ronald A. Valenzuela (CA SBN 210025)
     ronald.valenzuela@lathropgpm.com
4  1888 Century Park East, Suite 1000
5  Los Angeles, CA 90067
   310.789.4600
6  310.789.4601

7
   Attorneys for Defendants
8  OLYMPUSAT, INC. et al.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

NOTE: CHANGES MADE BY THE COURT

LATHROP GPM LLP
1888 CENTURY PARK EAST, SUITE 1000
LOS ANGELES, CA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LUZ ZUCCHELLA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OLYMPUSAT, INC., a Florida corporation; TOM MOHLER, an individual, OLYMPUSAT HOLDINGS, INC., a Florida corporation, OCEAN NEW MEDIA, LLC, a Florida corporation, and OCEAN COMMUNICATIONS, INC., a Florida corporation, and DOES 4 through 50, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTER-CLAIM. | Case No. 2:19-cv-07335 DSF (PLAx)<br><br>[Assigned to the Hon. Dale S. Fischer, Courtroom 7D]<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: July 15, 2019<br>Counterclaims Filed: October 25, 2019<br>Discovery Cut-Off: January 5, 2020<br>Motion Cut-Off: February 22, 2021<br>Trial: June 1, 2021 |

**1.   GENERAL**

1.1.   <u>Purposes and Limitations.</u> Discovery in this action is likely to involve production of confidential, proprietary, or private information for which one or more of the parties may assert requires special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2.   <u>Good Cause Statement.</u>

This action is likely to involve banking information, trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which one or more of the parties may assert requires special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over

LATHROP GPM LLP
1888 CENTURY PARK EAST, SUITE 1000
LOS ANGELES, CA 90067

confidentiality of discovery materials, to adequately protect information one or more of the parties assert they are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.   **DEFINITIONS**

2.1.   <u>Action</u>: this pending federal lawsuit Central District civil case number 2:19-cv-07335 DSF (PLAx) and no other lawsuit.

2.2.   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4.   <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5.   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6.   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it/they is/are generated, stored, or maintained

*Stipulated Protective Order*

(including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7.   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8.   House Counsel: Employees of a party to this Action who act as counsel in providing legal advice to a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9.   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10.  Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.11.  Party: any party to this Action, including all of its officers, directors, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12.  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13.  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14.  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15.  Receiving Party: a Party that receives any Disclosure or Discovery Material from a Producing Party.

*Stipulated Protective Order*

2.16. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana v. City and Cty. of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Protective Order do not extend beyond the commencement of the trial.

**5.**     **DESIGNATING PROTECTED MATERIAL**

5.1.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.   <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material, in a manner that does not obscure the protected matter or

*Stipulated Protective Order*

render it difficult to read.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material in such a manner so as not to obscure the protected matter or render it difficult to read. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.    <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon

timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4.   Designating Material as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.

(a)   Designations with a higher confidentiality level when a lower level would suffice are prohibited.

(b)   The Producing Party must affix the legend "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY": (i) to each page that contains Protected Material that qualifies for such protection under this Order when such information is in documentary form, and (ii) on the exterior of the container(s) in which the Protected Material that qualifies for such protection under this Order is stored when such information is produced in some form other than documentary and for any other tangible item.

(c)   When a Party or Non-Party makes original documents available for inspection and that Party or Non-Party notifies the inspecting party that the documents include information that is HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, all of the material made available for inspection shall be deemed HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY during the inspection. After the inspecting Party has identified the documents it wants copied or produced, the Producing Party must affix the legend "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to each page that contains Protected Material that qualifies for such protection under this Order.

(d)   Except as expressly provided under subsections (a) through (c) of this Section 5.4, the manner and timing of designations of Disclosure or Discovery Material as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be governed by Sections 5.1 through 5.3 of this Order.

*Stipulated Protective Order*

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.     <u>Timing of Challenges.</u> Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2.     <u>Meet and Confer.</u> The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, et seq. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3.     <u>Burden.</u> The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.     <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.     <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

*Stipulated Protective Order*

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a)    a Party;

    (b)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (c)    the officers, directors, and House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (e)    the Court and its personnel;

    (f)    court reporters and their staff;

    (g)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (i)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

*Stipulated Protective Order*

(j)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3.   <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY only to:

(a)     the Receiving Party's Outside Counsel of Record (Lathrop GPM, Hadsell Stormer Renick & Dai LLP, Scott Wagner & Associates, P.A., and Robert D. Newman, Attorney at Law only) in this Action, any law firm or attorney that associates in or enters an appearance as counsel of record for a party to this Action ("New Counsel"), as well as employees of said Outside Counsel of Record and New Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)     **A maximum of two (2) House Counsel** of the Receiving Party to whom disclosure is reasonably necessary for this Action, **but not including Colleen Glynn, and only if House Counsel signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A)**;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary **in connection with the deposition itself, i.e., when the Highly Confidential – Attorneys' Eyes Only information is to be shown or discussed with the deposition witness** provided: (1) the **designating** party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will

*Stipulated Protective Order*

not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

For all other persons, the Parties will meet and confer on a case-by-case basis whether any information or item designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed. Any Party who wishes to challenge the disclosure or non-disclosure shall initiate the dispute resolution process under Local Rule 37-1, et seq. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3. Unless the Challenging Party has waived or withdrawn in writing the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation until the Court rules on the challenge.

7.4    <u>Protected Material Designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY Subpoenaed or Ordered Produced in Other Litigation</u>. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," that Party must comply with all of the obligations, terms, and provisions set forth in Section 8 of this Order with respect to such information or items designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

*Stipulated Protective Order*

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)      The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by

*Stipulated Protective Order*

Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

## 12.   **MISCELLANEOUS**

12.1.   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object that

*Stipulated Protective Order*

information or items should not be identified as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3. <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13.   **<u>FINAL DISPOSITION</u>**

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or

constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## 14.   **VIOLATION OF ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  October 28, 2020

HADSELL STORMER RENICK & DAI LLP

   /s/ Theresa Zhen
Dan Stormer
Barbara Enloe Hadsell
Theresa Zhen
Tanya Sukhija-Cohen,
Attorneys for Plaintiff

LATHROP GPM LLP

   /s/ Laura Reathaford
Laura Reathaford
Attorneys for Defendants
OLYMPUSAT, INC., TOM MOHLER,
OLYMPUSAT HOLDINGS, INC.,
OCEAN NEW MEDIA, LLC and
OCEAN COMMUNICATIONS, INC.

SCOTT WAGNER AND ASSOCIATES, P.A.

   /s/ Lindsey B. Wagner
Lindsey B. Wagner, Esq.
Attorneys for Plaintiff MARIA LUZ ZUCCHELLA

ROBERT D. NEWMAN
ATTORNEY AT LAW

-17-                                          *Stipulated Protective Order*

1

2

    /s/ Robert D. Newman

Robert D. Newman, Esq.

3

Attorneys for Plaintiff MARIA LUZ

4

ZUCCHELLA

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Stipulated Protective Order*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

*Stipulated Protective Order*

## <u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

The undersigned hereby acknowledges that he or she has received and read a copy of the Protective Order entered in *Maria Luz Zucchella v. Olympusat, Inc., et. al.*, Case No. 2:19-cv-07335 DSF (PLAx).

The undersigned agrees to hold in confidence and not to disclose to anyone other than those persons specifically authorized by the Protective Order, and not to copy or use except for purposes of this action, any information designated Confidential Information that he or she receives in this case.

The undersigned further agrees to be bound by all of the terms thereof, and further agrees that the United States District Court for the Central District of California, may exercise jurisdiction over him or her to enforce such Protective Order.

Dated: _____

_____

(Name) _____

*Stipulated Protective Order*

32404359